**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4263**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

FIDEL REZA, JR.,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Winston-Salem.  N. Carlton Tilley,
Jr., Chief District Judge.  (CR-96-135; CR-03-273)

———————

Submitted:  July 8, 2005                Decided:  July 29, 2005

———————

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jerry D. Jordan, Winston-Salem, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Angela Hewlett Miller,
OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Fidel Reza, Jr., pleaded guilty to one count of illegal reentry by a deported aggravated felon, in violation of 8 U.S.C. § 1326(a) (2000). He was sentenced to sixty-one months in prison. Reza now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for review. Reza has filed a pro se supplemental brief claiming that his sentence violates United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). Finding no error, we affirm.

I.

Reza, a citizen of Mexico, pleaded guilty in 1996 to possession with intent to distribute marijuana and carrying a firearm during a drug trafficking offense. After serving his sentence, he was deported to Mexico in November 2000. On March 13, 2003, law enforcement agents learned that Reza had returned to this country without permission. Reza was arrested in North Carolina on July 21, 2003. He admitted that he had entered the United States illegally on May 6, 2003, with the assistance of an alien smuggler and that he had not received permission from the Attorney General to apply for reentry.

- 2 -

Reza pleaded guilty pursuant to a written plea agreement. The transcript of Reza's Fed. R. Crim. P. 11 hearing discloses full compliance with that Rule. We note especially that Reza understood the maximum sentence to which he was statutorily subject and that his sentence would be determined by reference to the sentencing guidelines.

Reza's presentence report (psr) assigned a base offense level of 8. See U.S. Sentencing Guidelines Manual § 2L1.2 (2003). Sixteen levels were added because Reza was previously deported afer his conviction for a firearms offense. See USSG § 2L1.2(b)(1)(A)(iii). Three levels were deducted for acceptance of responsibility. See USSG § 3E1.1(b). With an adjusted offense level of 21 and a criminal history category of IV, Reza's guideline range was 57-71 months.

Reza did not object to the psr. At sentencing, the district court adopted the psr and sentenced Reza to sixty-one months in prison.


II.

Although Reza claims in his pro se informal brief that his sentence violates Booker and Blakely, it does not. In both cases, the Supreme Court reaffirmed its holding in Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998), that the fact of a prior conviction need not be proven to a jury beyond a reasonable

doubt.  Booker, 125 S. Ct. at 756; Blakely, 542 U.S. at ___, 124 S. Ct. at 2536.  Here, the only enhancement that Reza received was for the firearm conviction in 1996 -- a prior conviction that he did not dispute and that is apparent from the face of the judicial record.

Nor was the district court's treatment of the guidelines as mandatory an error affecting Reza's substantial rights.  There is no nonspeculative basis suggesting that the district court would have sentenced Reza to a different sentence had the guidelines been advisory instead of mandatory.  See United States v. White, 405 F.3d 208, 223-25 (4th Cir. 2005).

### III.

In accordance with Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm Reza's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  The motion for summary affirmance is denied as moot.  We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED